<u>NOT FOR PUBLICATION</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| GREGORY DONZUSO, | : |
| Plaintiff | : Civil No. 23-21695 (RMB-MJS) |
| v. | : **OPINION** |
| WARDEN MICHAEL KELLY, et al., | : |
| Defendants | : |

**APPEARANCES:**

David R. Castellani, Esq.
Castellani Law Firm, LLC
450 Tilton Road, Suite 245
Northfield, NJ 08225
      On behalf of Plaintiff.

Murianda L. Ruffin, Esq.
Assistant County Counsel
Atlantic County Law Department
1333 Atlantic Avenue, 8th Floor
Atlantic City, NJ 08401

RENÉE MARIE BUMB, Chief United States District Judge

**I.    BACKGROUND**

Plaintiff alleges that while detained pretrial at Atlantic County Justice Facility ("ACJF") on October 20, 2022, Defendant Officer Small and/or John Doe

Corrections Officers used excessive force against him during his cardiac arrest and they delayed necessary medical care. (Am. Compl., Dkt. No. 1-1). He brings claims under 42 U.S.C. § 1983, the New Jersey Civil Rights Act, and various state tort laws. (*Id.*) Discovery remained ongoing when Defendants filed their summary judgment motion on October 24, 2024 ("Defs' Mot. for Summ. J.") (Dkt. No. 22). The Honorable Matthew J. Skahill, United States Magistrate Judge, denied Defendants' motion to stay discovery pending resolution of Defendants' motion for summary (Text Order, Dkt. No. 27). To date, discovery has concluded. (Text Order, Dkt. No. 36.)

Prior to the close of discovery, Plaintiff filed a Rule 56(d) affidavit specifying the need for key depositions (including Small, Warden Kelly, and medical and correctional witnesses), policy documents, and expert reports—evidence central to evaluating material disputes of fact. *See* Fed. R. Civ. P. 56(d); *see also Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015).

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(d), a district court may defer or deny summary judgment when the nonmovant shows that facts essential to justify its opposition are unavailable due to incomplete discovery. *Shelton*, 775 F.3d at 568. Relief is warranted when the Rule 56(d) affidavit (1) identifies specific information sought; (2) explains how it would preclude summary judgment; and (3) justifies why it was not previously obtained. *Id.*

### III. DISCUSSION

#### A. Incomplete Discovery

Plaintiff has met the requirements of Rule 56(d).[1] When the summary judgment motion was filed:

- Only Plaintiff's deposition had been taken.

- Plaintiff noticed Officer Small's deposition and planned to depose Warden Kelly and other corrections officers and medical staff involved in the October 20, 2022 incident.

- Plaintiff intended to obtain expert reports related to use-of-force policies and deliberate indifference.

- The factual discovery deadline had not yet expired.

These efforts are well-documented in Plaintiff's affidavits (Dkt. Nos. 30-2, 32) and supported by Magistrate Judge Skahill's discovery rulings (Dkt. No. 29).

#### B. Material Disputes of Fact

Summary judgment is premature because the facts are genuinely disputed and Plaintiff has shown the need for discovery to support his opposition to Defendants' motion for summary judgment:

- Plaintiff testified in his deposition that he was in cardiac arrest and assaulted without provocation, contradicting Defendants' version of events. He testified that he was

---

[1] Although Plaintiff's Rule 56(d) affidavit did little to describe the specific information sought in the depositions Plaintiff intended to take before the close of discovery, Plaintiff's accompanying Counterstatement of Material Facts (Dkt. No. 30-1) sufficiently described how the information sought would create a genuine dispute of material facts.

> evaluated by medical staff after the assault, but not for cardiac arrest.
>
> - Plaintiff contests the veracity of records concerning his disciplinary charges and maintains that his grievance was suppressed.
>
> - Key actors—Officer Small, medical staff, and Lieutenant Grant, who investigated the use of force, have not been deposed.
>
> - Plaintiff disputes the adequacy of medical care and the role of supervisory and municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).
>
> - The video evidence obtained by Defendants reportedly captures only the aftermath, not the incident itself.

(Pl's Counterstatement of Material Facts ¶ 11, Dkt No. 30-1).

The Court agrees that Plaintiff's planned depositions and expert evaluation are necessary before adjudicating these claims, particularly under governing standards from *Kingsley v. Hendrickson*, 576 U.S. 389 (2015) (objective reasonableness of force) and *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (deliberate indifference to a serious medical need).

## C. Qualified Immunity and Supervisory Claims

Defendants' motion for summary judgment, including the defense of qualified immunity, against Warden Kelly and Atlantic County cannot be resolved on the current record. Factual development—including policy training records and testimony regarding grievance suppression—is necessary. *See Giles v. Kearney*, 571 F.3d 318, 327-28 (3d Cir. 2009) (finding dismissal on qualified immunity was improper on excessive force claim at summary judgment; *A.M. v. Luzerne Cty. Juvenile*

*Det. Ctr.*, 372 F.3d 572, 580-86 (3d Cir. 2004) (finding genuine issues of material fact precluded summary judgment on supervisory and municipal liability).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff has satisfied the requirements of Rule 56(d) by identifying specific discovery necessary to oppose Defendants' motion for summary judgment. Because material factual disputes remain and expert analysis was still in progress, summary judgment would have been premature when the motion was initially filed. Since the factual discovery period has now concluded, it is appropriate to permit Defendants to amend their summary judgment motion with the benefit of a complete record.

An appropriate Order follows.

Date: **May 14, 2025**

s/ Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge
